## McGOON v STATE

## WESTON v STATE

Ohio Appeals, 4th Dist, Jackson Co
Decided June 25, 1931

Frank DeLay, Jackson, and H. B. Reese, Wellston, for Weston and McGoon.

F. W. Everett, Jr., Pros. Atty., and E. E. Eubanks, Jackson, for State.

BLOSSER, J.

The fire occurred early in the evening of December 28, 1927. It is urged that there was no proof of the corpus delicti. Both the barn and hay stack were not in close proximity to any buildings or residence containing fire, or close to any railroad so that the fire could have been started by sparks from a locomotive or from any other source than incendiary. There is no dispute that the stack of hay burned and there is nothing in the record to suggest the possibility of any origin of the fire other than its being incendiary. The position of counsel for the plaintiffs in error in this regard is not well taken.

It is urged that the verdict is not supported by the evidence. The evidence submitted upon the issues of fact was conflicting and it was a matter peculiarly for the jury to determine what weight it would give to the testimony of the witnesses. Regardless of our opinion as to the strength or weakness of the evidence, after a full consideration of all the testimony we can not say that the verdict and judgment are clearly and manifestly wrong. If the jury believed the testimony offered in behalf of the state it is difficult to reconcile that evidence with the innocence of the defendants. It is evident from the verdict returned that the jury believed the evidence offered by the state. We are not warranted in disturbing the verdict on the ground that it is against the manifest weight of the evidence.

It is urged that the court erred in his charge to the jury with reference to reasonable doubt. §13442-3 GC defines a reasonable doubt. This section further provides that in charging a jury the court shall state the meaning of presumption of innocence and read the statutory definition of reasonable doubt. The court in his general charge to the jury complied with this section of the code and read the statutory definition. The court also charged as follows:

"A reasonable doubt is an honest, reasonable uncertainty, such as may fairly and naturally arise in your minds after having fully and carefully considered all of the evidence introduced upon the trial of this case. It is a doubt formed upon a real, tangible, substantial basis. It is such a doubt as would cause a reasonable, prudent and considerate person to pause and hesitate to take action concerning the matters affecting his own material interests or matters pertaining to the more important matters of life."

It is urged that the court erred when he went beyond the statutory definition of rea-.

sonable doubt and that the language used is inconsistent with the statutory definition and unduly restricts such definition. It is urged that by the language used by the trial court a reasonable doubt is a positive matter requiring a real, tangible, substantial basis for uncertainty. The definition of reasonable doubt has been before the courts in many cases. Substantially the language used by the court in the instant case has been given in many Ohio cases, 12 O. Jur. §448, and is approved by the Ohio books on criminal charges. It is approved by other courts of last resort. 8 R. C. L. 220, 221. Instructions in a criminal case must be considered as a whole, and if when considered as a whole they are substantially correct and could not have misled the jury to the prejudice of the defendant the judgment can not be reversed because some part of the charge when considered alone is subject to criticism. Koppe v State, 21 Oh Ap 34; Clark v State, 28 Oh Ap 64; State v Megorden (Ore.), 88 Pac. 306.

The charge given is criticized because it does not mention the fact that the doubt might arise from a want of evidence. However, it has been held that such a contention is not well founded. Hiller v State (Neb.), 58 A. L. R. 1322, 1327.

If the legislature of Ohio had the constitutional power to enact the statute in question, such statute must be regarded as procedural. The legislature gave its definition of reasonable doubt and prescribed that the trial court should read such definition to the jury. But the legislature did not attempt to limit the court to the statutory definition. There is nothing in the statute to prevent the trial court from enlarging on the statutory definition if he thought in the particular case the legislative definition was not sufficient to apprise the jury fully upon the subject. In the case of People v Medalgi, 271 Pac. 552, the Court of Appeals of California decided that under a similar statute it was not error for the trial court to give additional instructions amplifying the statutory definition. The instructions given in the case at bar were in no way prejudicial to the defendants.

The defendants urge that the trial court erred in his refusal to charge the jury with reference to alibi. The record discloses that notice was given as provision by §13444-20 GC that the defense of alibi would be made. The defendants offered witnesses who testified that the defendants were at home the afternoon of the commission of the crime and late that evening. There was other testimony tending to establish that they were elsewhere than at the scene of the crime at the time of its commission. Members of their families testified that the defendants were at home at the time in question. There was clearly raised the question of alibi and it was one of the material issues of the case. Each of the defendants requested the court to charge upon alibi, which the court refused to do, and at no place did the court mention this defense. While the courts hold that technically alibi is not considered an affirmative defense it is usually referred to as the defense of alibi. The defendants were entitled to have some instruction from the court with reference to their main contention. It is true that no particular request in writing was submitted and refused in this instance. However, the omission was called to the attention of the court and the omission should have been supplied. In the case of Burns v State, 75 Oh St 407, the court held that it was error to fail to give any instruction whatever bearing upon the subject. In 12 O. Jur, page 549, it is said:

"The inadvertant failure to charge on every issue in the case is not error unless the attention of the court is called to the omission, and a charge touching thereon requested. But, within these rules, the refusal to instruct upon a particular point of law involved in the case is error."

The trial court evidently considered the evidence of alibi as merely incidental and that his general charge with reference to presumption of innocence and reasonable doubt was sufficient to cover that issue. In the instant case there was some evidence to support the claim of alibi. We are not concerned with whether or not that evidence was to be believed because that was solely within the province of the jury to determine. The evidence having been submitted to the jury and the issue raised, it was the duty of the court to charge thereon when requested.

In the case of People v Wilson (Cal.), 280 Pac. 169, it was held:

"Penal Code §1096a * * * providing that in charging a jury court may read §1096 as amended * * * on presumption of innocence, and no further instruction on the subject of the presumption of innocence or defining reasonable doubt need be given, held to refer merely to the right of the trial court to refuse offered instruction by which reasonable doubt is further defined, and has no application to instruction covering a defense as shown by evidence; such as alibi, from which reasonable doubt of guilt may be inferred."

The court held that the refusal to charge with reference to alibi was prejudicial and that the defendant was prejudiced in his substantial rights.

The case of **Winsor v State, 4 Law Abstract 784,** cited by counsel for the state, is not applicable for in that case there was no refusal to charge and the omission was not called to the attention of the court.

For the reason that the court failed to charge on a material issue in the case the rights of the defendants were prejudiced and the judgment is reversed and the case remanded to the Court of Common Pleas for further proceedings according to law.

MAUCK, PJ, and MIDDLETON, J, concur.