## STATE v CLARK

Ohio Appeals, 3rd Dist, Marion Co

No 893.   Decided Nov 26, 1938

William P. Moloney, Marion, Bernard C. Moloney, Marion, for defendant-appellant.

Paul D. Michel, Marion, for plaintiff-appellee.

## OPINION

### By THE COURT

This is an appeal on questions of law from orders made by the Court of Common Pleas of Marion County, on the trial of this cause on an indictment for aiding and abetting the obtaining of property by false pretenses, and embezzlement, overruling motions made by the defendant for a directed verdict and judgment in his favor at the close of the evidence of the state and renewed at the close of all the evidence, which orders were duly entered on the journal of the court. The jury on said trial disagreed and no sentence or judgment was entered.

The State has filed a motion to dismiss this appeal on the ground that the orders appealed from do not constitute either judgments or final orders from which appeals may be taken.

In civil cases courts have held that an order of the character mentioned is a final order from which an appeal may be taken notwithstanding the fact that no final judgment has been entered. **Baking Company v Middleton, 118 Oh St 106. Murphy v Pittsburgh Plate Glass Company, 132 Oh St 68, Michigan, Ohio, Indiana Coal Company v Nigh, 131 Oh St 405. Hubbach v City of Springfield, 131 Oh St 413.**

We have not found any cases in which a similar holding has been made as to criminal cases but on the contrary have found that it has always been the rule in this state that error proceedings do not lie in a criminal case before final judgment in the case. **Inskeep v State, 35 Oh St 482. Kinsley v State, 3 Oh St 508. Cochran v State 30 Oh St 61.** And the various criminal codes of this state from the beginning have never provided otherwise. This rule is now embodied in §13459-4 GC, relating to appeals in criminal cases, which provides that "Such appeal, unless otherwise provided may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from such sentence and judgment such appeal may be filed only by leave of court or two of the judges thereof."

We realize of course that the jurisdiction of this court is based wholly and solely on the provisions of **Article IV, §6 of the Constitution** as amended in 1912, and that such jurisdiction cannot be either enlarged or diminished by statute. Jurisdiction conferred on this court by such constitutional provision insofar as the orders appealed herein are concerned, is "to review, affirm, modify or reverse judgments of courts of common pleas."

Insofar as civil actions are concerned the Supreme Court has held that the term "judgments" appearing in this clause is used in the broad and generally accepted meaning and not in that restricted meaning previously given it by the legislature in §11852 GC, and that the term comprehends all decrees and final orders rendered by a court of competent jurisdiction and

which determine the rights of the parties affected thereby. **Chandler and Taylor Co v Southern Pacific Co, 104 Oh St 188.**

The reasoning upon which this decision is based is that for more than sixty years the definitions of "judgments" and "final orders" had been engrafted on our Civil Code and our remedial procedure embraced the review of final orders, and the framers of the Constitution of 1912 did not contemplate a restriction of those civil remedies continuously employed for such a long period.

There is no reported case in Ohio defining the term "judgments" used in the constitutional provision, as applied to criminal cases, but following the reasoning of the case last mentioned as the remedial procedure in effect prior to the adoption of the constitutional amendment did not embrace the review of final orders before final judgment and sentence in criminal cases, such orders including orders of the character mentioned from which this appeal is taken do not constitute "judgments" from which an appeal may be taken within the meaning of the constitution.

For the reasons above mentioned the motion to dismiss the appeal will be granted at costs of appellant.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.