128 Ohio St., 573, 192 N. E., 873; *Matz, Admr., v. J. L. Curtis Cartage Co.,* 132 Ohio St., 271, 7 N. E. (2d), 220. The judgments are affirmed.

*Judgments affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.

THE STATE OF OHIO, APPELLEE, *v.* NORMAN, APPELLANT.

(No. 4162—Decided December 23, 1946.)

Mr. *Joel S. Rhinefort,* prosecuting attorney, and Mr. *Jerome Jesionowski,* for appellee.
Mr. *Jesse S. Heslip,* for appellant.

CARPENTER, J. The indictment herein charged murder in the second degree. To a plea of former jeopardy, in which discharge was prayed for, a general demurrer was filed and sustained. From that order this appeal on questions of law was taken.

It is unnecessary to discuss the facts or merits of the plea, because this court has no alternative but to dismiss the appeal *sua sponte* for the reason that that order was not a judgment or final order. It was only an interlocutory matter.

Section 13459-1, General Code, limits all appeals in criminal cases to a "judgment or final order." *Whitelock* v. *State,* 21 Ohio Law Abs., 393, appeal dismissed,

*State* v. *Whitelock*, 131 Ohio St., 332, 2 N. E. (2d), 777.

Under Section 6 of Article IV of the Constitution, this court can only "review * * * judgments or final orders of * * * courts of record inferior to the Court of Appeals." "Finality" is a *sine qua non* for appealability of an order of the Court of Common Pleas in a criminal cause. *State* v. *Smith*, 135 Ohio St., 292, 20 N. E. (2d), 718.

*Appeal dismissed.*

STUART and CONN, JJ., concur.