**STATE, Plaintiff-Appellee, v. MINNIEAR, Defendant-Appellant.**

Ohio Appeals, Second District, Shelby County.

No. 157.   Decided March 23, 1951.

Blake & Lewis, Sidney, for plaintiff-appellee.
Cummins & Boller, Sidney, for defendant-appellant.

### OPINION

By THE COURT:

This is a law appeal from an order overruling a motion for a new trial and also a motion for a judgment notwithstanding the verdict. The record reveals that the appellant was charged with dumping refuse in violation of §12652 GC; that the jury returned a verdict of guilty but that sentence has never been pronounced. It would therefore appear that this Court has no jurisdiction to pass upon the question presented. Sec. 13459-4 GC provides that an appeal in a criminal case may be filed as a matter of right within "thirty days from sentence and judgment." In the case of **State of Ohio v. Clark, 61 Oh Ap 156,** at page 157 the court says:

"We have not found any cases in which a similar holding has been made as to criminal cases but on the contrary have found that it has always been the rule in this state that error proceedings do not lie in a criminal case before final judgment in the case. **Inskeep v. State, 35 Oh St, 482; Kinsley v. State, 3 Oh St, 508; Cochrane v. State, 30 Oh St, 61.** And the various criminal codes of this state, from the beginning, have never provided otherwise. This rule is now embodied in §13459-4 GC, relating to appeals in criminal cases, which provides that 'such appeal, unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from such sentence and judgment such appeal may be filed only by leave of the court or two of the judges thereof.'"

See also **State v. Feeser, 27 Abs 306; State v. Carmen, 31 Abs 330.** Since this is a jurisdictional question the court has no power to consider the appeal, and therefore the same is sua sponte dismissed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.