CITY OF AKRON, APPELLEE, *v.* MINGO, APPELLANT. (TWO cases.)

(Nos. 4763 and 4764—Decided January 29, 1958.)

*Mr. John M. Kelly,* director of law, and *Mr. Robert W. Blakemore,* for appellee.
*Mr. Howard L. Calhoun,* for appellant.

HUNSICKER, P. J.   These cases were orally argued, briefed and submitted to this court together. They are appeals on questions of law from judgments of the Municipal Court of Akron, Ohio.

William Mingo was a defendant in a cause being tried in the criminal branch of the Municipal Court of Akron. At the conclusion of that case he left the courtroom and drove his automobile away from the court building. In so driving his automobile and while returning home from attending court, he was arrested and charged with the violation of two ordinances governing traffic on the streets of Akron.

William Mingo, through his counsel, then filed a motion in each of those cases in the Municipal Court, disclosing an intention not to enter an appearance therein, but specifically objecting to the validity of his arrest and the jurisdiction of the court. The motions asked further that William Mingo be summarily discharged, and that the two charges be dismissed with prejudice, at the costs of the party who sued out the processes.

The claimed basis for these motions was the privilege-from-arrest section of the state statutes, to wit, Section 2331.11 (D), Revised Code.

The trial court overruled the motion in each case, and, from the judgments so entered thereon, these appeals on questions of law are before this court.

The first problem that must be considered by this court is the nature of the judgments from which the appeals are taken. Do we have before us final orders?

Appeals in criminal cases are subject to Chapter 2953, Revised Code, and, unless we have reviewable orders in these cases, we lack jurisdiction to consider these matters.

There are very few reported opinions wherein the privilege-from-arrest statute is discussed, but we may refer to cases concerning pleas in bar, pleas in abatement, and motions to quash, for situations analogous to the problem before us.

In 2 Ohio Jurisprudence (2d), Appellate Review, Section 50, the text writer cites authority for the following statement:

"It has been held that orders overruling or sustaining motions and demurrers to indictments, pleas, etc., in criminal cases are not final orders or judgments so as to be appealable."

In the case of *State* v. *Theisen,* 91 Ohio App., 489, 108 N. E. (2d), 854, it was held that interlocutory orders incident to the trial of a criminal case are not final orders from which an appeal may be taken.

The following orders in criminal cases have been determined not to be final appealable orders: the overruling of a demurrer to a plea in abatement, *Bogard* v. *State*, 9 Ohio Law Abs., 436; an order sustaining a demurrer to a plea of former jeopardy, *State* v. *Norman,* 80 Ohio App., 510, 77 N. E. (2d), 76; the overruling of a plea in abatement, *Whitlock* v. *State*, 21 Ohio Law Abs., 393; the sustaining of a demurrer to a plea in abatement, *State* v. *Himlerick,* 100 Ohio App., 476, 137 N. E. (2d), 297.

In the case of *State* v. *Clark,* 61 Ohio App., 156, 22 N. E. (2d), 458, the court said, quoting authorities, at page 157: "* * * it has always been the rule in this state that error proceedings do not lie in a criminal case before final judgment in the case."

It becomes unnecessary to discuss the merits of the matters sought to be appealed. There is no final appealable order for

us to review. The orders made in the instant cases were inter-locutory, and not judgments subject to review by this court.

Both appeals are dismissed, at the costs of William Mingo.

*Appeals dismissed.*

DOYLE and STEVENS, JJ., concur.