**STATE, Plaintiff-Appellee, v. STUBBS, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24432. Decided October 1, 1958.

John T. Corrigan, County Pros., Merle M. McCurdy, Asst. County Pros., for plaintiff-appellee.

Bernard B. Direnfeld, William M. Greene, for defendant-appellant.

## OPINION

Per CURIAM:

In this case the defendant was indicted for and found guilty of murder in the second degree. The evidence presented by the defendant raised an issue as to manslaughter and the court charged on manslaughter as an included offense but instructed the jury erroneously upon

the crime of manslaughter. Upon the jury's request for further instructions, the court again instructed the jury erroneously and failed to distinguish correctly between murder in the second degree and manslaughter.

In answering the jury's question, the court, after instructing on the elements of murder in the second degree, said:

"But in manslaughter, the elements of malice and **purpose** do not enter into that offense."

The court had previously charged the jury, " 'Purposely' means intent. That is the same as intentionally doing something. : ."

A similar definition was given by the trial court in the case of **Erwin v. State, 29 Oh St 186** at **page 191,** 23 A. L. R. 731, and the Supreme Court in reversing the conviction stated:

"We can well see how the jury, under these instructions may have been led to convict the defendant of murder in the second degree, though guilty of manslaughter only, or even though not guilty of any crime whatever. It was plainly inferable, from the first instruction above stated, that the defendant's crime was not manslaughter, if the killing were intentional. Such is not the law of manslaughter. If the killing be unlawful, but without malice, as upon a sudden quarrel, although intentional, the crime is nevertheless manslaughter only. It is true that the jury must have found the presence of malice as well as purpose to kill; but having first found the purpose to kill as we may suppose, they entered on the inquiry as to malice, under the influence of an instruction, that the defendant was guilty of murder or not guilty of any crime whatever; thus exposing the defendant to a moral influence against him, which should not have had lodgment in the minds of the jurors."

The second error assigned is that the court did not charge correctly as to reasonable doubt. On this subject the court said as follows:

"Now, under the law, it will be your duty to look to all the evidence introduced on both sides of the case, and if it satisfies you beyond a reasonable doubt of the defendant's guilt, as charged in this indictment, you must so find. But if, on the contrary, you are not satisfied beyond a reasonable doubt, but find only strong probabilities of his guilt, **your only safe course is to acquit.**" (Emphasis added.)

The same question was presented in the case of **State v. Theisen, 91 Oh Ap 489,** at **page 495,** 108 N. E. 2d 854. (Motion to certify record overruled June 18, 1952.)

In that case the Court of Appeals for the Sixth District disapproved of the charge:

". . if you are not so fully satisfied but find there are only strong probabilities of guilt, **your only safe course is to acquit.**" (Emphasis added.)

While the court may further explain the meaning of reasonable doubt as defined by the statute, such explanation must be consistent with the statute. ' Since the legislature has defined the meaning of reasonable doubt and made it mandatory upon the court to read the definition to the jury, we think that further explanation by the trial court is entirely unnecessary, and is in fact a work of supererogation.

In this case the charge as enlarged upon was not consistent with the provisions of §2945.04 R. C.

Obviously, any further explanation of reasonable doubt and presumption of innocence must be consistent with the statute. The question of probabilities of guilt or "strong probabilities of guilt" does not enter into the trial of a criminal case. Unless the members of the jury are convinced beyond a reasonable doubt of the guilt of the accused, it is their duty to acquit.

For the foregoing reasons, the judgment of the Court of Common Pleas is reversed as contrary to law and the cause remanded for further proceedings according to law.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.