CITY OF COLUMBUS, APPELLEE, *v.* MULLINS, APPELLANT.

(No. 6708—Decided June 6, 1961.)

Mr. *Russell Leach,* city attorney, and Mr. *Bernard T. Chup-ka,* for appellee.

Mr. *John M. Shea,* Mr. *George E. Tyack* and Mr. *Paul A. Scott,* for appellant.

BROWN, J.  This is an appeal on questions of law from the Columbus Municipal Court.  On May 2, 1960, the defendant, Norman Vincent Mullins, was charged in an affidavit with operating a motor vehicle under the influence of alcohol in violation of Section 2133.01, Traffic Code of the city of Columbus.  On September 8, 1960, following a plea of not guilty, a trial by jury was held which resulted in a mistrial being declared by the court on September 12, 1960.  On October 28, 1960, by order of court, the defendant was permitted to withdraw his plea of not guilty and leave was granted to file a plea of former jeopardy.

On November 26, 1960, the city of Columbus filed a general demurrer to the filed plea of former jeopardy.  This demurrer was sustained by the trial court on January 5, 1961.  From the order sustaining the demurrer to defendant's plea of former jeopardy, this appeal is taken.

Our first inquiry, naturally, is whether this is an order which is appealable.

It has been held that orders overruling or sustaining motions and demurrers to indictments, pleas, etc., in criminal cases are not final orders or judgments so as to be appealable.  2 Ohio Jurisprudence (2d), 624.

In *State* v. *Norman,* 80 Ohio App., 510, the indictment charged murder in the second degree.  A general demurrer was

filed and sustained to a plea of former jeopardy in which discharge was prayed for. The court dismissed the appeal on questions of law from the order sustaining the demurrer, stating: "It is unnecessary to discuss the facts or merits of the plea, because this court has no alternative but to dismiss the appeal *sua sponte* for the reason that that order was not a judgment or final order." For a listing of analogous cases where the courts have found similar orders not to be final appealable orders, see *City of Akron* v. *Mingo*, 106 Ohio App., 459.

The order sustaining the demurrer to the plea of former jeopardy in this case is not a "judgment or final order" under Chapter 2953 of the Revised Code of Ohio from which an appeal may be taken. It is an interlocutory order.

Accordingly, the appeal is dismissed without a discussion of the facts of the case or the merits of the plea at the costs of Norman Vincent Mullins, and remanded to the Columbus Municipal Court for further proceedings according to law.

*Appeal dismissed.*

DUFFY and COLLIER, JJ., concur.

BROWN and COLLIER, JJ., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.