THE STATE OF OHIO, APPELLANT, *v.* SARGENT, APPELLEE.

(No. 74-95—Decided February 5, 1975.)

88

*Mr. Chester H. Marcin,* for appellant.
*Mr. Robert W. Scott,* for appellee.

CELEBREZZE, J. This appeal calls upon us to decide whether, when the trial court allowed the patrolman to testify concerning his observation of appellee during a telephone conversation with his attorney, appellee's right to effective counsel was violated.

Appellant argues that there is no such constitutional right involved in the present situation and that the requirements of R. C. 2935.20 were met.

R. C. 2935.20, in pertinent part, provides:

"After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. * * * Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. * * *."

There is no evidence in the record that appellee's attorney attempted to visit him, nor is there evidence that appellee asked to conduct his telephone conversation in private. In addition, the trial judge was careful to limit the testimony to what the patrolman observed of appellee's conduct during the call; no testimony as to the content of that conversation was allowed.[3] Since the patrolman was

---

[3] Appellee argues that the following testimony of Patrolman Miller concerned a substantive portion of the telephone conversation:

"A. * * * He [defendant] mumbled a lot * * * He couldn't appear to understand, you know, kept going on—

"* * *

[By the prosecutor]

"Q. He didn't remember or he didn't understand something?

"* * *

"A. He acted very confused during the whole conversation, kept asking whoever was on the other end to repeat.

"* * *

"A. Okay. He didn't know his own phone number at one point in it. He recited four or five numbers and says, it's in the book."

We cannot agree. The testimony seems only to demonstrate a type of conduct which might be described as befuddled. No substantive portion of the conversation was related.

present in the room and was not asked to leave during the entire conversation, there can be no question of eavesdropping or interference. See cases collected in 18 L. Ed. 2d 1420, and an annotation, 5 A. L. R. 3d 1269.

A thorough reading of the record fails to disclose any violation of either the appellee's statutory or constitutional right to counsel.

The fact that the conversation was videotaped does not seem to us to have any significance. That tape was not introduced in evidence and its only effect was to allow Patrolman Miller to refresh his memory on conduct which he had personally observed. But see, *e. g., State* v. *Cory* (1963), 62 Wash. 2d 371, 382 P. 2d 1019.

Consequently, we find that no deprivation of effective counsel occurred in this case.

The Court of Appeals found that "* * * in instructing the jury, the trial court, though not necessarily limited to giving the statutory definition set forth in Sec. 2945.04, R. C. * * * the court, in going beyond the statutory definition, must use extreme care not to prejudice either party. * * *"

We agree with that statement. We also agree with the Court of Appeals that the charge in question was prejudicial.

Consideration must be given to R. C. 2945.83, which, in pertinent part, provides:

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"* * *

"(D) A misdirection of the jury unless the accused was or may have been prejudiced thereby * * *."

The Court of Appeals cites four cases in its opinion. *McGoon* v. *State* (1931), 39 Ohio App. 212, held that the General Assembly had provided a definition of reasonable doubt which mandated that the definition be read, but there was no attempt to limit the court to the statutory definition. The court then went on to find that the additional language added by the trial court was in no way prejudicial to the defendants.

In *State* v. *Theisen* (1952), 91 Ohio App. 489, the trial court read the statutory charge and then concluded: "If you are not so fully satisfied but find there are only strong probabilities of guilt, your only *safe course* is to acquit" (emphasis added), and the Court of Appeals rightfully found that statement prejudicial. The Court of Appeals continued: "* * * In as much as the Legislature has defined reasonable doubt and in no uncertain terms requires the court to give such definition to the jury, no purpose is to be gained by the court endeavoring to amplify or re-emphasize the definition. Since the quoted language is somewhat contradictory of the statutory definition, it is error prejudicial to the defendant."

*State* v. *Stubbs* (1958), 107 Ohio App. 382, is of similar import, finding that the additional charge was inconsistent with the statutory definition, and thus prejudicial to defendant.

Finally, *State* v. *Forte* (1971), 29 Ohio App. 2d 24, holds, in the second paragraph of the syllabus, that:

"In a criminal case, the court's charge to the jury on reasonable doubt is necessarily limited to giving the statutory definition set forth in R. C. 2945.04, and it is prejudicial error to give additional instructions amplifying the statutory definition." However, a careful reading of the opinion in *Forte* reveals that the additional charge was erroneous, as it was stated.

We disapprove of the rulings in the above cases to the extent that they hold that *any* amplification of the statutory definition of reasonable doubt, regardless of its propriety, is prejudicial error. Error, in order to be construed as prejudicial error, must be an incorrect statement of the law.

Our examination of the complete charge given in this case reveals prejudicial error. The last two sentences read:

"* * * But if, after such full and fair consideration, the jurors are not so convinced, but find there are only strong probabilities of guilt, under such circumstances a reasonable doubt is said to exist, and such reasonable doubt *would entitle* the defendant to an acquittal. A mere preponderance

or overweight of the evidence, is not sufficient in a criminal case, *as it is in a civil case.*'' (Emphasis added.)

The language first emphasized above is similar to the language complained of in *State* v. *Theisen, supra,* since it is not clear that merely because defendant is ''entitled'' to an acquittal the jury is *required* to return that verdict. In addition, the weight of evidence required in a civil case could serve to confuse the jury. Therefore, we agree with the Court of Appeals that the charge on reasonable doubt was prejudicial.

Finally, the Court of Appeals decided that a reading of R. C. 4511.19 in its entirety constituted prejudicial error. That court found the charge improper because it injected issues not raised by the evidence and was likely to confuse the jury. We agree.

The instruction complained of concerned the admission of evidence on the concentration of alcohol in defendant's blood, urine, breath, or other bodily substance, together with the presumptions which are raised by the various percentages of concentration. This charge was given even though appellee refused to submit to the breathalyzer test. That charge could be of no possible help to the jury and might well have been confusing. See *Bandy* v. *State* (1921), 102 Ohio St. 384. See, also, 15(A) Ohio Jurisprudence 540, Criminal Practice and Procedure, Section 451.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.