OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellee, v. Van Gundy, Appellant.

[Cite as State v. Van Gundy (1992),      Ohio St.3d     .]

Criminal law -- Jury instructions that state must prove
     defendant's guilt beyond a reasonable doubt -- Any
     amplification upon definitions contained in
     R.C.2901.05(D) is inadvisable.

(No. 91-336 -- Submitted April 7, 1992 -- Decided July 22, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-556.

On November 8, 1989, defendant-appellant, Clancy Van Gundy, was indicted on one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree, with a physical harm specification.  On May 7, 1990, the case proceeded to trial by jury.  On May 10, 1990, at the conclusion of the evidence and the arguments of counsel, the trial court charged the jury in relevant part as follows:

"The defendant is presumed innocent until his guilt is established beyond a reasonable doubt.  The defendant must be acquitted of an offense unless the state produces evidence which convinces you beyond a reasonable doubt of every essential element of the offense charged.

"Reasonable doubt is present when, after you have carefully considered and compared all the evidence, you cannot say you are firmly convinced of the truth of the charge. Reasonable doubt is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs, or depending on moral evidence is open to some possible or imaginary doubt.  Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."

The court then amplified upon this statutory language by instructing:

"If after a full and impartial consideration of all the evidence you are firmly convinced of the truth of the charge, the state has proved its case beyond a reasonable doubt.  If you are not firmly convinced of the truth of the charge, you must find the defendant not guilty."

At the conclusion of the jury instructions, appellant's counsel objected to the amplification. The trial judge responded:

"That's a good objection, and in my own instructions, I don't give that, but the prosecutor gave this to me and I read it before I realized it was in there, so ... ." (Ellipses sic.)

Thereafter, as the court dismissed the jury for the day, one of the jurors asked if the next day's session could begin with a rereading of the instructions. The next day, appellant's counsel repeated his objection. The court reporter then reread the entire charge, including the contested amplification.

The jury deliberated and returned a verdict of guilty, and judgment was entered upon the verdict.

The court of appeals affirmed the judgment of the trial court, finding that the contested instruction was not a misstatement of the law on the degree of proof required in a criminal case and not prejudicial.

The cause is now before this court pursuant to the allowance of a motion for leave to appeal.

Michael Miller, Prosecuting Attorney, Alan C. Travis, Joyce S. Anderson and Bonnie L. Maxton, for appellee.

Wonnell, Janes & Wonnell Co., L.P.A., and Harold E. Wonnell, for appellant.

Neil W. Rosenberg, urging reversal for amicus curiae, Ohio Association of Criminal Defense Lawyers.

Abood, J. Amicus curiae initially contends that the definition of "reasonable doubt" set forth in R.C. 2901.05 unconstitutionally dilutes the requirement that the state prove guilt beyond a reasonable doubt. In State v. Nabozny (1978), 54 Ohio St.2d 195, 8 O.O.3d 181, 375 N.E.2d 784, at paragraph two of the syllabus, this court held:

"The definition of 'reasonable doubt' set forth in R.C. 2901.05 correctly conveys the concept of reasonable doubt and, therefore, is not an unconstitutional dilution of the state's requirement to prove guilt beyond a reasonable doubt."

This contention, therefore, is without merit.

Appellant and amicus curiae next contend, collectively, that the trial court's amplification of the statutory definition renders its charge erroneous, misleading and prejudicial, and that it unconstitutionally dilutes the requirement that the state prove guilt beyond a reasonable doubt.

The requirement that the state prove guilt beyond a reasonable doubt is a constitutionally mandated standard. In re Winship (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375. That standard, however, has never been defined by the United States Supreme Court. See Thomas v. Arn (C.A.6, 1983), 704 F.2d 865, 867; 1 Sand et al., Modern Federal Jury Instructions (1991) 4-8, Section 4.01. Our legislature has defined that standard in R.C. 2901.05(D) as follows:

"'Reasonable doubt' is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt

is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt.  'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."  (Emphasis added.)

By enacting R.C. 2901.05(D) with separate definitions for "reasonable doubt" and "proof beyond reasonable doubt," our legislature has expressed its clear intention that the standard for proving guilt beyond a reasonable doubt be explained in both qualitative and quantitative terms.  The definition of "reasonable doubt" relates to the jurors' state of mind; the phrase "firmly convinced" describes the nature of that belief.  To this extent, the standard is explained in qualitative terms.  See, e.g., United States v. Newport (C.A.9, 1984), 747 F.2d 1307, 1308.  The definition of "proof beyond a reasonable doubt" relates to the amount of proof that is required, with the phrase "willing to rely and act" describing that amount.  To this extent, the standard is explained in quantitative terms.  Standing alone, the trial court's amplification would erroneously define the reasonable doubt concept as set forth in R.C. 2901.05(D), since it omits that portion of the statutory explanation that relates to the quantitative character of that proof.

This court has recognized, however, that "'* * * the trial court * * * [is] not necessarily limited to giving the statutory definition'" of reasonable doubt.  State v. Sargent (1975), 41 Ohio St.2d 85, 90, 70 O.O.2d 169, 171, 322 N.E.2d 634, 638.  We held therein that a "* * * complained of amplification must be erroneous and prejudicial to the complaining party before the judgment of the trial court will be disturbed."  (Emphasis added.)  Id. at paragraph two of the syllabus.

In making a determination as to whether the amplification is prejudicial, we must consider how reasonable jurors could have understood the charge as a whole.1  Francis v. Franklin (1985), 471 U.S. 307, 315-316, 105 S.Ct. 1965, 1972, 85 L.Ed.2d 344, 354.  An instruction is prejudicial when it is "'of the type that could mislead the jury into finding no reasonable doubt when in fact there was some.  * * *'"  State v. Nabozny, supra, 54 Ohio St.2d at 202, 8 O.O.3d at 185, 375 N.E.2d at 791, quoting Holland v. United States (1954), 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.E. 150, 167.  If, however, "* * * taken as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury," then the amplification will not be found to be prejudicial.  Id.; State v. Nabozny, supra, at paragraph two of the syllabus; Thomas v. Arn, supra, 704 F.2d at 869.

In State v. Scott (1986), 26 Ohio St.3d 92, 26 OBR 79, 497 N.E.2d 55, this court reviewed the propriety of a jury instruction in which the statutory definition of reasonable doubt was read and then amplified upon as follows:

"'* * * if after a full and impartial consideration of all the evidence, you are firmly convinced beyond a reasonable doubt of the truth of the charge or charges, then the State has proved its case and you must find the defendant guilty.

"'If you are not firmly convinced of the truth of the

charge, then the State has not proved its case and you must find the defendant not guilty.'" (Emphasis added.) Id. at 99, 26 OBR at 85, 497 N.E.2d at 62.

We held in Scott, supra, at 100, 26 OBR at 86, 497 N.E.2d at 62, that:

"A review of the contested instruction in the instant case reveals that it does not misstate the appropriate quantum of proof. In addition, appellant has not sustained his burden of demonstrating actual prejudice."

Amicus curiae argues that Scott is distinguishable because the contested instruction in Scott was reviewed under the plain error standard. While it is true that this court, in Scott, stated that "* * * this instruction must be reviewed under the plain error standard," we nevertheless addressed the merits of the claim "pursuant to State v. Sargent" and found that "*** the contested instruction * * * does not misstate the appropriate quantum of proof." Id.

Appellant argues, without citing any authority, that Scott is distinguishable because the contested amplification in Scott contained the words "beyond a reasonable doubt" following the words "firmly convinced," and that this difference "is of significant proportion." Amicus curiae argues that the trial court's instruction, taken as a whole, defined "reasonable doubt" in terms of being "firmly convinced" and defined "proof beyond a reasonable doubt" in terms of both "firmly convinced" and "willing to rely and act," and asserts that neither the United States Supreme Court nor any other federal court has ever upheld such an instruction.

Our review of federal decisions dealing with jury instructions that define the burden of persuasion in criminal cases leads us to conclude, however, that the juxtaposition of these terms does not constitute error so long as the concept is correctly conveyed. In Hopt v. Utah (1887), 120 U.S. 340, 7 S.Ct. 614, 30 L.Ed. 708, paragraph five of the syllabus, the United States Supreme Court upheld as not erroneous a jury instruction which stated that there is no reasonable doubt if the evidence produces "an abiding conviction of defendant's guilt, such as they would be willing to act upon in the more weighty and important matters relating to their own affairs." (Emphasis added.) Later, in Holland, supra, 348 U.S. at 140, 75 S.Ct. at 138, 99 L.Ed. at 167, the United States Supreme Court noted its disapproval of a jury instruction that defined "reasonable doubt" as "'the kind of doubt * * * which you folks in the more serious and important affairs of your own lives might be willing to act upon'" on the basis that reasonable doubt is better expressed "in terms of the kind of doubt that would make a person hesitate to act," but did not find the instruction to be misleading, erroneous or prejudicial. In United States v. Conley (C.A.8, 1975), 523 F.2d 650, 655, the Eighth Circuit upheld an instruction which defined "reasonable doubt" as "the kind of doubt that would make a reasonable person hesitate to act" and defined "proof beyond a reasonable doubt" as "proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly." In Thomas v. Arn, supra, 704 F.2d at 868, the Sixth Circuit noted that the "willing to rely and act" language in R.C. 2901.05(D) is used to define "proof beyond a reasonable doubt" rather than

"reasonable doubt," but found this distinction to be without consequence, even though used with the language "firmly convinced" to explain "reasonable doubt." The Eighth Circuit held that using the term "abiding conviction" to explain "reasonable doubt" did not constitute plain error even though the charge failed to include language of "willing to act" or "hesitate to act." United States v. Jensen (C.A.8, 1977), 561 F.2d 1297, 1300-1301. In United States v. Bustillo (C.A.9, 1986), 789 F.2d 1364, 1367-1368, the Ninth Circuit held that it was not plain error to charge the jurors that they must find [defendant] guilty if they were 'firmly convinced' of his guilt," reasoning that the words "firmly convinced" are sufficiently similar to the words "abiding conviction" used in Jensen, supra.

Upon consideration of the foregoing, we find that the trial court's instruction, taken as a whole, was not prejudicial and did correctly convey the concept that the state must prove defendant's guilt beyond a reasonable doubt. The propositions of law set forth by appellant and amicus curiae are therefore overruled.

This court notes however, that, as we have previously recognized, there is always danger in giving instructions that go beyond the statutory definitions. State v. Sargent, supra, 41 Ohio St.2d at 90, 70 O.O.2d at 171, 322 N.E.2d at 638; see, also, State v. Seneff (1980), 70 Ohio App.2d 171, 178, 24 O.O.3d 215, 219, 435 N.E.2d 680, 685. There is inherent difficulty in any attempt to define the abstract concept of reasonable doubt and further attempts do not usually result in making it any clearer in the minds of the jury. State v. Nabozny, supra, 54 Ohio St.3d at 202, 8 O.O.3d at 185, 375 N.E.2d at 790. We therefore suggest to the courts of this state that any amplification upon the definitions contained in R.C. 2901.05(D) is inadvisable.

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

Charles D. Abood, J., of the Sixth Appellate District, sitting for Sweeney, J.

FOOTNOTE:

1  In assessing whether an amplification is prejudicial to the complaining party, we are further guided by the recognition that the reasonable doubt standard is a unitary concept which relates to the intensity of the belief of a factfinder that a criminal defendant is guilty of all the elements of the crime with which he is charged.

"In this regard, a standard of proof represents an attempt to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication." In re Winship, supra, 397 U.S. at 370, 90 S.Ct. at 1076, 25 L.Ed.2d at 379, Harlan, J., concurring.

In this light, the separate definitions of "reasonable doubt" and "proof beyond a reasonable doubt" set forth in R.C. 2901.05(D) amount to an explanation of a single standard of proof that is required in a criminal case. Any analysis,

therefore, regarding the prejudicial effect of an amplification must be based upon an inquiry into whether the entire instruction accurately conveyed to the jury the singular concept of reasonable doubt and not whether the qualitative or quantitative aspects of this concept were explained in any particular order.