OPINION
Defendant-appellant, Dewey C. McVay, Jr., appeals the judgment of the Franklin County Court of Common Pleas whereby appellant was convicted of rape and gross sexual imposition pursuant to a jury trial.
Appellant was the step-father of Josh Bradley and husband of Josh Bradley's mother, Tonya Bradley, during the period of events giving rise to appellant's conviction. Josh testified that, on numerous occasions, appellant performed fellatio on him and fondled his penis. He described appellant rubbing his own genitals to ejaculation. The victim was between the ages of five and eight when the alleged sexual abuse occurred. The jury convicted appellant of rape and gross sexual imposition. Other relevant facts in this case are discussed in the opinion below.
Appellant appeals his conviction, raising three assignments of error:
 I. THE TRIAL COURT ERRED IN REFUSING TO GRANT THE DEFENDANT'S REQUEST THAT SPECIAL INSTRUC-TION ON REASONABLE DOUBT INCORPORATING THE LANGUAGE "REASONABLE DOUBT MAY ARISE FROM THE EVIDENCE, THE LACK OF EVIDENCE, OR THE NATURE OF THE EVIDENCE."
 II. WHETHER THE FAILURE OF THE STATE TO PRO-DUCE AT TRIAL EXCULPATORY EVIDENCE IN THE POSSESSION OF STATE'S WITNESS, DEPRIVES THE DEFENDANT OF A FAIR TRIAL AND DUE PROCESS OF LAW.
 III. THE JUDGMENT ENTRIES IN THE COUNTS ARE NOT SUPPORTED BY THE QUANTITY OF EVIDENCE REQUIRED BY LAW AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant argues that the trial court erred in refusing his request that the jury instruction on reasonable doubt contains the phrase "reasonable doubt may arise from the evidence, the lack of evidence, or the nature of the evidence." We disagree.
Any party may propose jury instructions. Crim.R. 30;State v. Guster (1981), 66 Ohio St.2d 266, 269. If the proposed instruction for the jury is correct, pertinent and timely presented, the trial court must include it, at least in substance, in the general charge. Guster, at 269, citing Cincinnati v.Epperson (1969), 20 Ohio St.2d 59, paragraph one of the syllabus;State v. Rivers (1977), 50 Ohio App.2d 129, 134. However, the trial court is not required to give a proposed jury instruction verbatim; the court may use its own language to communicate the same legal principles. State v. Sneed (1992), 63 Ohio St.3d 3, 9.
In this case, appellant's proposed instruction concerned the definition of reasonable doubt. The trial court included a definition of reasonable doubt in the general charge to the jury. However, the trial court did not use the language proposed by appellant; rather, the trial court defined reasonable doubt by tracking the statutory definition as provided in R.C. 2901.05(D). The Ohio Supreme Court has recognized that the use of the definition of "reasonable doubt" in R.C. 2901.05(D) when providing a general charge to the jury is proper and satisfies constitutional standards. State v. Frazier (1995), 73 Ohio St.3d 323,330; State v. Lawson (1992), 64 Ohio St.3d 336, 349.
Thus, the trial court's jury instruction on reasonable doubt was proper. Appellant's proposed instruction did not provide any substantive changes to the definition given by the trial court. Appellant's proposed instruction merely amplified the statutory definition of reasonable doubt contained in the jury instruction.
The Ohio Supreme Court has noted that there is always a danger in giving instructions that amplify statutory definitions.State v. Van Gundy (1992), 64 Ohio St.3d 230, 235. Indeed, the Ohio Supreme Court has suggested to the courts of this state that any amplification on the statutory definition of reasonable doubt is inadvisable. Id. at 236. Therefore, a trial court is not required to accept a party's proposed jury instruction that merely amplifies statutory definitions that are used in a general charge.Id.; see, also, State v. Mahoney (1986), 34 Ohio App.3d 114, 119
(indicating that the amplification of a statutory definition is inadvisable and is to be done, if at all, only with extreme care not to prejudice either party to a criminal case).
Accordingly, we conclude that the trial court was not required to adopt and did not err in failing to adopt appellant's proposed language concerning the definition of reasonable doubt. As such, we overrule appellant's first assignment of error.
Appellant's second assignment of error concerns appellee's failure to produce a videotape which appellant made of the birth of his son, Steven McVay, on the afternoon of February 8, 1993. Josh testified that appellant sexually abused him on February 8, 1993. As well, Josh testified that appellant would only sexually abuse him while his mother was not at home. According to Josh, his mother would often not be at home in the afternoons because she would be at work. Thus, appellant contends, a trier-of-fact may conclude, taking Josh's testimony as a whole, that he was sexually abused in the afternoon of February 8, 1993. Therefore, appellant asserts that the videotape refutes Josh's testimony regarding him being sexually abused on February 8, 1993, because it demonstrates that appellant was at the hospital in the afternoon of February 8, 1993, witnessing the birth of Steven McVay.
Tonya, a witness for appellee, testified that she was in possession of the videotape. However, Tonya failed to produce the videotape upon appellant's request. As such, according to appellant, appellee's failure to produce the videotape deprived him of a fair trial and due process of law. We disagree.
The prosecution's failure to produce evidence in its possession, or in the possession of its witnesses, prejudices the defendant where the evidence is material to the issue of the defendant's guilt or punishment, irrespective of good faith or bad faith on the part of the prosecution. State v. Johnston (1988),39 Ohio St.3d 48, 60. Evidence is material to guilt or punishment when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.Id. at paragraph five of the syllabus. A "reasonable probability" is one sufficient to undermine confidence in the conviction. Id.
The mere possibility that an undisclosed item might have helped the defendant, or might have affected the outcome of the trial, does not establish "materiality." State v. Jackson (1991),57 Ohio St.3d 29, 33, citing United States v. Agurs (1976),427 U.S. 97, 109-110, 96 S.Ct. 2392, 2400; United States v. Bagley (1985),473 U.S. 667, 105 S.Ct. 3375.
In this case, the jury was presented with evidence that appellant was at the hospital during the afternoon of February 8, 1993, videotaping the birth of Steven McVay. Appellee does not dispute this evidence. In fact, Josh testified that he was with appellant at the hospital on the afternoon of February 8, 1993. Thus, we conclude that the videotape would have been cumulative evidence and would not have provided additional information not already before the jury.
As well, we reject appellant's contention that the use of the videotape would refute Josh's testimony that he was sexually abused on February 8, 1993. We acknowledge that Josh testified that appellant would usually sexually abuse him at home in the afternoons. However, we believe it is reasonable to conclude that this claim is a generalization underscoring his testimony that appellant would only sexually abuse him when his mother was not at home, which would often be while she was at work in the afternoons. Therefore, we conclude that, because the videotape covers events in the afternoon and not the evening of February 8, 1993, the use of the videotape would not refute the inference that appellant sexually abused Josh at home on the evening of February 8, 1993, while Tonya was away at the hospital. Further, a review of the trial transcript reveals that Josh made no indications that he was sexually abused in the afternoon of February 8, 1993. Indeed, as noted above, Josh testified that appellant was at the hospital witnessing the birth of Steven McVay on the afternoon of February 8, 1993.
Therefore, based on the reasons noted above, we conclude that there is no reasonable probability that the result of appellant's trial would have been different had the jury viewed the videotape requested by appellant. As such, we conclude that appellee's failure to produce the videotape did not deprive appellant of a fair trial and due process of law. Accordingly, we overrule appellant's second assignment of error.
In his third assignment of error, appellant asserts that his conviction is based on insufficient evidence. We disagree.
Sufficiency of evidence is the legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. State v. Thompkins (1997), 78 Ohio St.3d 380,386. When reviewing whether a verdict is supported by the sufficiency of the evidence, we examine the evidence in the light most favorable to the prosecution and conclude whether any rational trier-of-fact could have found essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless we find that reasonable minds could not reach the conclusion reached by the trier-of-fact. Jenks, at 273.
In this case, appellant was convicted of rape and gross sexual imposition. In order for appellant's conviction to be supported by a sufficiency of the evidence, the record must establish that appellant both had sexual contact and performed sexual conduct with Josh when the victim was under the age of thirteen. See R.C. 2907.02(A) (1) (b) (defining rape as sexual conduct with a person who is less than thirteen years old); R.C.2907.05(A) (4) (defining gross sexual imposition as sexual contact with a person who is less than thirteen years old).
Josh identified appellant as the person who fondled his penis and performed fellatio on him when he was between the ages of five and eight. He described appellant rubbing his own genitals to ejaculation. Josh testified that appellant told him not to tell anyone about these activities. Similarly, Tonya testified that she overheard appellant tell Josh not to tell her about their "secret." Additionally, Tonya testified that she found appellant and Josh in bed together while undressed. Tonya indicated that Josh eventually told her about appellant sexually abusing him. Moreover, appellant wrote a letter to Tonya where he stated that he was sorry for hurting Josh in the ways that he did. As well, appellant indicated in the letter that he was sorry about calling Josh a liar about some of the things appellant was truly sorry about doing to him.
While it is true that appellant also mentioned in the letter to Tonya that the situation is not what she thinks it is because he could never "sexually do that" to a child, we find this statement to be at best ambiguous. Therefore, in construing the evidence most favorable to appellee, we find that a reasonable trier of fact could have found the essential elements of rape and gross sexual imposition proven beyond a reasonable doubt. Therefore, we conclude that appellant's conviction is based on sufficient evidence.
Appellant also asserts in his third assignment of error that his conviction is against the manifest weight of the evidence. Again, we disagree. In reviewing whether a verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror." Thompkins, at 387. Thus, we review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id.
Additionally, we determine "whether in resolving conflicts in the evidence, the [trier-of-fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175; see, also, Columbus v. Henry
(1995), 105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence is one reserved for only the most "exceptional case in which the evidence weighs heavily against the conviction." Thompkins, at 387.
A conviction is not against the manifest weight of the evidence solely because the jury heard inconsistent testimony.State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236, unreported (1996 Opinions 2053, 2058). Credibility determinations on conflicting testimony are issues primarily reserved to the trier-of-fact to be second-guessed only in the most exceptional case. In re Jerome Fisher (June 25, 1998), Franklin App. No. 97APF10-1356, unreported (1998 Opinions 2338, 2345).
In this case, we acknowledge that appellant denied sexually abusing Josh. However, Josh provides a vivid and specific description of appellant sexually abusing him. Additionally, appellant contends that Josh was being manipulated into testifying against him. However, Josh testified that no one told him what to say in court. Thus, nothing in the record suggests that Josh's testimony is not credible and should not be given consideration.
Additionally, appellant attacks Tonya's credibility by suggesting that her testimony against him was motivated by a desire to not allow her children to visit with appellant, whom Tonya was in the process of divorcing. However, this contention is refuted by her willingness to allow appellant to visit with her children during the early stage of the separation leading to the divorce. Therefore, we conclude that the record fails to establish that Tonya's testimony should not be given any consideration in this case. Accordingly, we conclude that appellant's conviction is not against the manifest weight of the evidence. Accordingly, we overrule appellant's third assignment of error.
In summary, we overrule appellant's first, second and third assignments of error, and affirm the judgment of the trial court.
Judgment affirmed.
YOUNG and PETREE, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.