DECISION.
Appellant Mark Hinkston was convicted of one count of robbery in violation of R.C. 2911.02(A)(2) and was sentenced to six years' incarceration. He appeals his conviction, asserting two assignments of error. In his first assignment, he raises a weight-of-the-evidence challenge. In his second assignment, Hinkston contends that the trial court committed plain error by failing to give an instruction concerning the testimony of an accomplice, as required under R.C. 2923.03(D). Finding no reversible error, we affirm.
Hinkston and Donte Coleman approached Lonzine McCurdy and Ruth Bennett late one evening in downtown Cincinnati. Hinkston placed a gun to McCurdy's head and took fifty dollars from his pocket. He and Coleman ran, eventually fleeing in separate directions. McCurdy and Bennett found a police officer in a nearby establishment, told her about the incident, and provided a description of Hinkston and Coleman. The officer had the description broadcast and numerous other officers responded. In a short time, Hinkle and Coleman were both arrested in the area.
In his first assignment, Hinkston claims that the verdict was against the manifest weight of the evidence. In evaluating a challenge to the weight of the evidence, this court must review the entire record, weigh the testimony and all reasonable inferences, consider the credibility of the witnesses and determine whether the jury clearly lost its way in resolving conflicts in the evidence and created a manifest miscarriage of justice, entitling the defendant to a new trial.[1] The jury is free to believe all, part, or none of a witness's testimony.[2]
In support of his first assignment, Hinkston argues that McCurdy testified that the man who robbed him had braids. McCurdy identified Hinkston at trial as the robber who held the gun to his head and took the money from his pocket. McCurdy also testified that he told the officer that Hinkston had worn blue jeans and a blue jacket, and had braided hair and light skin. Bennett also testified that Hinkston had braids and identified him at trial as the man who took the money from McCurdy. The police officer who initially received the description from McCurdy testified that McCurdy told her that Coleman had braids in his hair. Coleman testified that he had braids.
Hinkston also challenges the weight of the evidence on the grounds that no money was found, there were no fingerprints found on the gun identified as one similar to that used in the robbery, the gun was found near the area where Coleman was apprehended, and Hinkston did not admit that he had committed the crime.
Hinkston would have us conclude based on the foregoing that he is entitled to a new trial. Having reviewed the entire record, we conclude that while there were questions of credibility at trial, there was no manifest miscarriage of justice. Therefore, we overrule Hinkston's first assignment.
In his second assignment, Hinkston contends that the trial court committed plain error by not instructing the jury on the consideration to be given the testimony of an accomplice under R.C. 2923.03(D). We will not reverse the trial court's decision under the plain-error doctrine unless Hinkston can demonstrate that "but for the error, the outcome of the trial clearly would have been otherwise."[3]
Assuming for the sake of argument that the statute is applicable to Coleman's testimony, we conclude that the failure to provide the instruction was erroneous. In a case where a defendant is charged with complicity in the commission of an offense and an accomplice testifies, the statute clearly states that when the trial court charges the jury it "shall state substantially" the language provided in the statute.
In State v. Williams,[4] this court had the opportunity to discuss the accomplice-testimony instruction at issue in this case. We held that a trial court did not err by providing an instruction on accomplice testimony that was substantially similar to the language in R.C. 2923.03(D). Though the much better practice is to give the instruction verbatim, we concluded that the instruction in Williams was so close as to not require reversal. In Williams, we also acknowledged that judges are not in a position to ignore the directive contained in R.C.2923.03(D). Unlike the instant case, where no instruction was provided and no objection made by Hinkston, the trial court inState v. Williams provided the instruction and the defendant vehemently objected to its form. Thus, in State v. Williams, we had no need to consider the application of the plain-error doctrine.
While R.C. 2923.03(D) does include mandatory language, a legislative mandate does not necessarily prevent a defendant from waiving the failure to give the instruction at all under appropriate circumstances. Unlike instructions that the state has to prove all elements of the offense charged or that a criminal defendant's guilt must be proved beyond a reasonable doubt, instructions that are essential to guarantee due process and for which no other "general instructions" can be substituted,[5]
an instruction under R.C. 2923.03(D) depends on the facts of the case and whether the general instructions are sufficient to overcome the failure to give the specific instruction. While it is error not to give the instruction when the facts warrant, failure to provide the specific instruction does not necessarily "create a manifest miscarriage of justice."[6]
We note that, in State v. McKinney,[7] the Tenth District Court of Appeals determined that under the facts of that case failure to instruct the jury in accordance with R.C. 2923.03(D) on the charges of aggravated burglary, attempted aggravated burglary, and theft was plain error. State v. McKinney involved a burglary ring in which the defendant, after reading the obituaries in the newspaper, directed juveniles to break into the homes of recently deceased persons when he believed no one would be home. The trial court failed to provide an instruction under R.C. 2923.03(D), and no objection was made. The state argued that the failure did not constitute plain error. The appellate court disagreed. The court concluded that the failure to provide the mandatory instruction was plain error and prejudicial to the defendant because (1) it was the state's intent to convict the defendant on the basis that he was an accomplice, and (2) the state was trying to prove that the defendant was the mastermind of a burglary ring even though he was not physically present during the burglaries.
The facts of this case differ from the "mastermind behind the scene" scenario that created prejudicial error in State v.McKinney. In this case, two people were involved in the robbery of a victim walking on a city street. The victim identified Hinkston as the man who placed a gun to his head and took the victim's money. He testified that Coleman told Hinkston not to shoot the victim. The victim's companion also identified Hinkston as the assailant. Thus, the state provided testimony by other witnesses that corroborated Coleman's testimony. The trial court also provided the jury with a lengthy instruction on credibility, including the admonition that the jury consider a witness's interest and bias, as well as all the facts and circumstances surrounding the witness's testimony. We conclude that, under the facts of this case, Hinkston has failed to demonstrate that, but for the failure to provide the instruction, the outcome of his trial clearly would have been otherwise.[8] Thus, we overrule Hinkston's second assignment and affirm the judgment of the trial court.
Judgment affirmed.
 HILDEBRANDT, P.J., and SUNDERMANN, J., concur.
[1] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720.
[2] See State v. Antill (1964), 176 Ohio St. 61,197 N.E.2d 548.
[3] State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus.
[4] State v. Williams (1996), 117 Ohio App.3d 488,690 N.E.2d 1297.
[5] See State v. Van Gundy (1992), 64 Ohio St.3d 230,594 N.E.2d 604 (an instruction defining "reasonable doubt" other than by the language mandated by R.C. 2901.05(D), but that correctly conveys the concept, is not error.)
[6] See State v. Long, supra, paragraph three of the syllabus.
[7] State v. McKinney (Mar. 6, 1990), Franklin App. No. 89AP-466, unreported.
[8] Accord State v. Wilson (July 31, 1998), Hamilton App. No. C-970397, unreported.