JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} After defendant-appellant, Jim T. Glover, failed to report to his parole officer, he was indicted for escape, a second degree felony in violation of R.C. 2921.34. After a jury trial, he was convicted and sentenced to four years incarceration, plus three years of postrelease control. Glover argues on appeal that he was not timely brought to trial, the State failed to prove venue beyond a reasonable doubt, and his conviction for escape violates the Double Jeopardy Clause of the United States and Ohio Constitutions.
 {¶ 2} R.C. 2945.71, Ohio's speedy trial statute, provides that "[a] person against whom a charge of felony is pending * * * shall be brought to trial within two hundred seventy days after the person's arrest." For purposes of computing time under this section, each day a defendant is held in jail awaiting trial counts as three days. R.C. 2945.71(E). The record reflects that Glover was arrested on June 24, 2006 and brought to trial on October 18, 2006, 116 days after his arrest. He remained in jail from the time of his arrest until trial. Glover argues that because the State failed to bring him to trial within 90 days, as required by the triple-count provisions of R.C. 2945.71(E), the trial court erred in denying his motion to dismiss the indictment on speedy trial grounds.
 {¶ 3} Glover's argument ignores the fact that where an accused is held in jail under a valid parole holder, the triple-count provisions of R.C.2945.71(E) do not apply. State v. Brown (1992), 64 Ohio St.3d 476, 479;State v. Duvall, Cuyahoga *Page 4 
App. No. 80316, 2002-Ohio-4574, at ¶9; State v. Ballow (July 3, 1996), Medina App. No. 2527-M; State v. Mann (1993), 93 Ohio App.3d 301, 313. "`R.C. 2945.71(E) is applicable only to those defendants held in jail in lieu of bail solely on the pending charge. A parole violation is a separate offense and does not relate to the pending charge as contemplated by R.C. 2945.71(E).'" Mann, supra, quoting State v.Martin (1978), 56 Ohio St.2d 207 (emphasis added).
 {¶ 4} There is not a copy of a parole holder in the record and, although the trial court issued an entry denying Glover's motion to dismiss, the entry did not list the grounds for denial. However, in the absence of a copy of a parole holder, or filed findings of fact and a judgment entry memorializing a ruling regarding a parole holder, the transcript of the trial court's hearing can provide sufficient evidence of a valid parole holder. State v. Adkins (Apr. 3, 1997), Cuyahoga App. No. 70326, citing Brown, supra; Ballow, supra.
 {¶ 5} Our review of the trial transcript indicates that the trial judge denied Glover's motion to dismiss because, in addition to the various continuances requested by Glover, "there was and is an Adult Parole Authority holder on the defendant concerning the case for which he's on, or was on parole." No one objected to the trial court's characterization or challenged the existence of the parole holder. Accordingly, the record in this case provides us with a sufficient basis to conclude that there was, in fact, a valid parole holder on Glover and, therefore, the triple-count provisions of the speedy trial statute did not apply. *Page 5 
 {¶ 6} Additionally, the record reflects that the triple-count provisions did not apply because Glover was being held on Case No. CR-482948, in addition to the instant case. Accordingly, he was not being held solely on the pending charge, as required by R.C. 2945.71.State v. MacDonald (1976), 48 Ohio St.2d 66, 71. Therefore, the trial court properly found that Glover was not entitled to dismissal of the indictment under R.C. 2945.71, because his trial was well within the period required by R.C. 2945.71(C).
 {¶ 7} We next address Glover's argument regarding venue. Venue is proper if an offense or any element of the offense was committed in the court's jurisdiction. R.C. 2901.12(G). It is a fact that must be proved in all criminal prosecutions, unless it is waived, although it is not a material element of any offense. State v. Draggo (1981),65 Ohio St.2d 88, 90. The standard of proof is beyond a reasonable doubt, but "venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." State v. Headley (1983),6 Ohio St.3d 475, 477, citing State v. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus.
 {¶ 8} The record in this case refutes Glover's contention that the State failed to prove beyond a reasonable doubt that his offense occurred in Cuyahoga County, Ohio. Joanna Nagy, an officer with the Adult Parole Authority, testified that she met with Glover after he was released from prison in 2004 and explained to him the terms and conditions of his postrelease control, one of which was that he meet with *Page 6 
her on the first Wednesday of every month. Officer Nagy testified that her office is located at 615 Superior, Cleveland, Ohio, in Cuyahoga County, and that she meets with people on postrelease control in her office. She testified further that Glover failed to meet with her, as required, on May 4, 2005.
 {¶ 9} We find this testimony sufficient to establish beyond a reasonable doubt that Glover failed to meet with Officer Nagy at her office in Cuyahoga County on May 4, 2005.
 {¶ 10} Finally, Glover requests that we "reevaluate" the current law on escape in Ohio because, he contends, it improperly allows two punishments for one act, in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions. We are bound, however, by the Ohio Supreme Court decision in State v. Martello (2002),97 Ohio St.3d 398, in which the Supreme Court rejected this argument and held that "R.C. 2967.28(F)(4), which specifies that a person released on postrelease control who violates conditions of that postrelease control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right, does not violate the Double Jeopardy Clause of the United States or Ohio Constitution." Id. at the syllabus.
 {¶ 11} Appellant's first, second, and third assignments of error are overruled.
Affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P. J., and MARY J. BOYLE, J., CONCUR *Page 1