[Cite as *State v. Radcliff*, 2021-Ohio-553.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER RADCLIFF | : | Case No. CT2020-0018 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2019-0637


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 February 26, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

D. MICHAEL HADDOX                         JAMES A. ANZELMO
Prosecuting Attorney                      Anzelmo Law
Muskingum County, Ohio                    446 Howland Drive
                                          Gahanna, Ohio 43230
By:  TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

**{¶1}**   Defendant-appellant Christopher Radcliff appeals his conviction from the Muskingum County Court of Common Pleas for escape. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   On October 31, 2019, appellant was indicted on one count of escape in violation of R.C. 2921.34(A)(3), a felony of the fifth degree. At his arraignment on November 20, 2019, appellant entered a plea of not guilty.

**{¶3}**   Subsequently, a jury trial commenced on February 20, 2020. Testimony was adduced at trial that appellant was on post release control for three drug possession offenses, one of which was a felony of the fourth degree. One post release control order stemmed from a drug offense in the Common Pleas Court in Washington County, Ohio, another from a drug offense in the Common Pleas Court in Monroe County, Ohio and the third from a drug offense in the Common Pleas Court in Perry County, Ohio.

**{¶4}**   After his release from prison, appellant lived with his mother in New Concord, Ohio, which is in Muskingum County.

**{¶5}**   Eric Gaumer testified that, as part of his duties, he supervised appellant. Appellant was released from incarceration on February 19, 2019 and properly enrolled with Gaumer that same day in Muskingum County which is where his approved residence was located. Appellant, at a meeting with Officer Gaumer on February 25, 2019, reviewed, signed and dated the Adult Parole Authority's Conditions of Supervision form.

{¶6} After this initial meeting with Gaumer, appellant failed to report. Eventually, appellant was picked up and was instructed on July 9, 2019 that he had to report to his Parole Officer every month.

{¶7} On July 9, 2019, appellant indicated to his parole officer that he had moved to an address in New Matamoras in Washington County, Ohio. Because the move was not approved by the Parole Authority, appellant was required to continue seeing Officer Gaumer in Muskingum County.

{¶8} On July 30, 2019, appellant was declared whereabouts unknown, violator at large through the Adult Parole Authority. He was finally found in September of 2019 and arrested in Washington County, Ohio . While in jail, Washington County Adult Parole Officer Joshua Bailey met with appellant and served appellant with a sanction from the Adult Parole Authority. Appellant was served with the sanction on September 12, 2019. According to Bailey, appellant was sanctioned for making his whereabouts to the Adult Parole Authority unknown and for possessing drug paraphernalia.  He testified that appellant was to report to Parole Officer Eric Gaumer at the Zanesville Adult Parole Authority on September 16, 2019 and to enter and complete substance abuse programming and to follow all of Gaumer's recommendations.  Appellant was also required to provide an updated address and phone number. Appellant did so. Bailey testified that appellant was served at the Washington County Jail and signed the sanction in his presence. Appellant was given a copy of the paper requiring him to report to Parole Officer Gaumer on September 16, 2019. Appellant was then released from the jail.

{¶9} However, appellant did not show up for his appointment with Gaumer on September 16, 2019 as directed. Gaumer testified that appellant had left him a message

indicating that he was stranded in Marietta and trying to get a ride to Zanesville. Gaumer waited until 6:00 p.m. that night but appellant never showed. Appellant had had his mother call Gaumer later the same day. Appellant did not show up on September 17th or 18th. Gaumer testified that the day of the trial was the first day that he had seen appellant since July 9, 2019.

{¶10} At the conclusion of the evidence and the end of deliberations, the jury found appellant guilty of escape. Appellant was sentenced to twelve months in prison.

{¶11} Appellant now appeals, raising the following assignments of error on appeal:

{¶12} "I. THE TRIAL COURT ERRED BY INSTRUCTING THE JURY THAT IT COULD CONSIDER WHETHER RADCLIFF FLED FROM LAW ENFORCEMENT AND, IF SO, THAT FLIGHT EVINCES A CONSCIOUSNESS OF GUILT."

{¶13} "II. RADCLIFF RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION."

{¶14} "III. RADCLIFF'S CONVICTION IS BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE 1 OF THE OHIO CONSTITUTION."

{¶15} "IV. RADCLIFF'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE 1 OF THE OHIO CONSTITUTION."

I

{¶16} Appellant, in his first assignment of error, argues that the trial court erroneously provided a flight instruction.

{¶17} In the case sub judice, the trial court instructed the jury that it could consider whether appellant fled from law enforcement and, if so, that the flight evinces a consciousness of guilt. Appellant argues that there was no evidence presented at trial that he fled from law enforcement.

{¶18} However, a reviewing court may not reverse a conviction in a criminal case due to jury instructions unless it is clear the jury instructions constituted prejudicial error. *State v. McKibbon,* 1st Dist. Hamilton No. C–010145, 2002–Ohio–2041, 4, citing *State v. Adams,* 62 Ohio St.2d 151, 154, 404 N.E.2d 144 (1980). In order to determine whether an erroneous jury instruction was prejudicial, a reviewing court must examine the jury instructions as a whole. *State v. Van Gundy*, 64 Ohio St.3d 230, 233–234, 594 N.E.2d 604 (1992).

{¶19} This Court, in *State v. Henson*, 5th District Fairfield No. 2019 CA 00017, 2020-Ohio-262, paragraph 29 found as follows:

> We find the flight instruction in the instant case did not constitute prejudicial error. The court did not instruct the jury flight was a fact, but rather allowed the jury to determine for itself whether Appellant did in fact flee, and if so, whether flight was motivated by consciousness of guilt. The jury was instructed to disregard evidence of flight if it found flight did not occur or was not motivated by consciousness of guilt. Further, the jury was instructed even if it found Appellant fled and his flight was motivated by guilt,

they were to determine what weight, if any, to give to the evidence. In light of the other evidence of guilt as discussed in assignment of error one above, we find the jury instruction did not rise to the level of prejudicial error.

**{¶20}** In the case sub judice, the trial court did not instruct the jury that flight was a fact, but allowed the jury to determine whether or not flight was motivated by consciousness of guilt and the jury could disregard it as being evidence towards anything at all.

**{¶21}** Furthermore, at trial, there was evidence that appellant failed to report to his Adult Parole Authority Officer numerous times. Thus, there was evidence supporting the instruction.

**{¶22}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶23}** Appellant, in his second assignment of error, contends that he received ineffective assistance of trial counsel when trial counsel failed to request that the jury be instructed that evidence of appellant's prior convictions cannot be used to conclude that appellant has a propensity to commit crimes.

**{¶24}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential

duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶25}** We find appellant was not prejudiced by the lack of a limiting instruction. Based upon the evidence presented at trial, and as discussed in appellant's third and fourth assignments of error below, there is not a reasonable probability that but for counsel's error, the outcome of the trial would have been different. Moreover, it is within the realm of reasonable trial strategy not to request a limiting instruction so as to avoid drawing further attention to appellant's prior convictions. *State v. Kinney*, 4th Dist. Ross App. No. 07CA2996, 2008-Ohio-4612 ¶ 20, citing *State v. Jovanovic*, 8th Dist. Cuyahoga App. No. 89180, 2007-Ohio-6196 ¶ 30.

**{¶26}** Appellant's second assignment of error is, therefore, overruled.

III, IV

**{¶27}** Appellant, in his third assignment of error, argues that his conviction for escape is based on insufficient evidence. In his fourth assignment of error, he contends that his conviction is against the manifest weight of the evidence.

**{¶28}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable

doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶29}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶30}** Appellant was convicted of escape in violation of R.C. 2921.34(A)(3). Such section states as follows: (3) No person, knowing the person is under supervised release detention or being reckless in that regard, shall purposely break or attempt to break the supervised release detention or purposely fail to return to the supervised release detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

**{¶31}** Appellant argues that venue was not proper in Muskingum County. He argues that his conduct, giving rise to the escape conviction, did not occur in Muskingum County. Appellant argues that appellee failed to provide any evidence that Muskingum County is the county in which originated the sentence for which appellant was placed on post-release control. He further maintains that he had moved to Washington County and had given that information to the Adult Parole Authority.

**{¶32}** Venue is proper if an offense or any element of the offense was committed in the court's jurisdiction. R.C. 2901.12(G). It is a fact that must be proved in all criminal prosecutions, unless it is waived, although it is not a material element of any offense. *State v. Draggo* , 65 Ohio St.2d 88, 90, 418 N.E.2d 1343 (1981). The standard of proof is beyond a reasonable doubt, but "venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983), citing *State v. Dickerson* , 77 Ohio St. 34, *2 N.E. 969 (1907), paragraph one of the syllabus.

**{¶33}** In   *State v. Glover*, 8th Dist. Cuyahoga No. 89059, 2007-Ohio-5727,   the court found that venue was proper in Cuyahoga County because the basis for the escape charge was the appellant's failure to report to his parole officer at the officer's office, which was located I Cuyahoga County.

**{¶34}** In this case, appellant's approved Adult Parole Authority approved residential address was in Muskingum County, he enrolled in post-release control in Muskingum County and he was to report to Officer Gaumer in Muskingum Count, but failed to do so. Appellant was never approved to live in Washington County by the Adult Parole Authority. His offense of escape was committed in Muskingum County and, therefore, venue was proper in Muskingum County.

**{¶35}** We find that, based on the facts as set forth above, viewing the evidence in a light most favorable to the prosecution, that any rational trier of fact could have found that appellant knowing, that he was under supervised release detention or being reckless in that regard, purposely broke or attempted to break the supervised release detention or purposely failed to return to the supervised release detention, either following

temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement. We further find that the jury did not lose its way in convicting appellant.  There was testimony that appellant, who was on post-release control, was served with a sanction on September 12, 2019 while in the Washington County Jail and was released with the direction to report to Officer Gaumer, his parole officer, on September 16, 2019, but failed to do so.  Appellant called Gaumer after his scheduled appointment and said that he was stranded and trying to find a ride. However, appellant never showed up for his appointment or contacted Officer Gaumer again or left a note for Officer Gaumer at his office. At trial, Officer Gaumer testified that the date of the trial was the first day that he had seen appellant since July 9, 2019.  He testified that he went to the Adult Parole Authority's approved address for appellant, which was in Muskingum County, and that no one answered. While he left a business card on the door, he never heard from appellant. Moreover, Officer Gaumer testified that he had reason to believe that appellant was not residing at the Washington County address because no contact could be made with appellant at such address.

{¶36}  Appellant's third and fourth assignments of error are, therefore, overruled.

**{¶37}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Wise, John, J. and

Wise, Earle, J. concur.