[Cite as *State v. Cabiness*, 2025-Ohio-3123.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025  CA 00006 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 24 CR 00649 |
| DONTA L. CABINESS, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: August 28, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Appellate Judges

**APPEARANCES:** KENNETH W. OSWALT, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

OPINION

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

**{¶1}**   On September 5, 2024, Tanner Vogelmeier, a detective with the Central Ohio Drug Enforcement Task Force in Licking County, was performing surveillance in the parking lot at the Cherry Valley Hotel. While in the parking lot, Detective Vogelmeier observed Donta L. Cabiness ("Cabiness") leave the hotel carrying a clothes basket with a black object on top. Cabiness placed the items into the backseat of a 2006 white Mercedes and got into the passenger seat.  Cabiness' friend, Ms. Richards, drove the Mercedes out of the parking lot and Detective Vogelmeier notified Detective Buehler and Sergeant Collins that the car exited the hotel parking lot.

**{¶2}** Detective Buehler and Sergeant Collins followed the white Mercedes and observed "[m]ultiple marked lane violations and improper lane change with no signal." *Trial Transcript*, p. 147.

**{¶3}** Detective Hamacher, who was in a marked police cruiser, was notified of the traffic violations via police radio. Detective Hamacher pulled the white Mercedes over and asked Cabiness and Ms. Richards to exit the vehicle.

**{¶4}** Detective Walpole was also on the scene of the traffic stop with his K9 partner, Slim, a state certified canine. Slim performed a free air sniff and positively alerted Detective Walpole to the smell of narcotics. The detectives performed a search of the car and found a black adidas bag inside.

**{¶5}** The black bag was later inventoried and a male Fossil watch, "Beats" air pods, a bag of methamphetamine, a knife key chain, and two containers containing prescription pills were found inside the bag. A black sleeve bag containing cocaine was also recovered.

**{¶6}** A search warrant was executed and detectives discovered a host of drug-related text messages on Cabiness' cell phone. The cell phone also contained the following pictures:

**a)** large chunk of methamphetamine;

**b)** 13 grams of methamphetamine on a scale;

**c)** a knife key chain like the one found in the adidas bag; and

**d)** Cabiness' ID surrounded by hundred-dollar bills.

**{¶7}** Cabiness was indicted on September 18, 2024, by the Licking County Common Pleas Court on six counts of drug related charges:

**a)** Count One: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2)(C)(1)(c);

**b)** Count Two: Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(b);

**c)** Count Three: Trafficking in Cocaine in violation of R.C. 2925.03(A)(2)(C)(4)(d);

**d)** Count Four: Possession of Cocaine in violation of R.C. 2925.11(A)(C)(4)(c);

**e)** Count Five: Aggravated Trafficking in Drugs in violation of R.C 2925.03(A)(2)(C)(1)(a); and

**f)** Count Six: Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(a).

**{¶8}** A jury trial was held on January 14, 2025, and Cabiness was found guilty on all six counts.

**{¶9}** Counsel for Cabiness filed Brief of Appellant in accordance with *Anders v. California* on March 25, 2025.

**{¶10}** Cabiness filed a pro se Appellate Brief of Defendant-Appellant on May 28, 2025.

**{¶11}** The State of Ohio filed a Merit Brief on June 2, 2025.

**STANDARD OF REVIEW**

**{¶12}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious

examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.*

**{¶13}** The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed wholly frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

**{¶14}** Counsel's brief under the heading "Assignment of Error" states, "Counsel has carefully examined the facts and matters contained in the record on appeal and has researched the law in connection therewith and has concluded that the appeal does not present a nonfrivolous legal question. In reaching this conclusion, counsel has thoroughly read the record and has examined the record for any arguable violations of the Constitution, Ohio statutes, the Ohio Rules of Criminal Procedure, the Ohio rules of Evidence, and the Ohio Sentencing Guidelines," *Brief of Appellant*, p. 1.[1]

**{¶15}** Counsel fails to cite a potential assignment of error. However, counsel's brief has a section titled, "Statement of the Issues." Under such heading, counsel states, "Issue One: There is no nonfrivolous issue regarding Appellant's conviction via jury trial held on January 14, 2025, and related sentencing on January 14, 2025." *Id.*, p. 2.

---

[1] Pursuant to the Local Rules of the Fifth District, "(G) In a criminal appeal in which counsel has been appointed for the appellant, counsel may file a no error brief under the procedure identified in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). An *Anders* brief must contain potential assignments of error as well as law and argument with references to the record."

**{¶16}** Cabiness filed a pro se Appellate Brief of Defendant – Appellant Donta L. Cabiness and asserts the following assignments of error:

**{¶17}** I. "TRIAL COUNSEL WAS INEFFECTIVE IN COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS OR TO CHALLENGE AT TRIAL THE ABSENCE OF PROBABLE CAUSE FOR THE INITIAL STOP AND THE LACK OF PROBABLE CAUSE TO ARREST IN VIOLATION OF DUE PROCESS GUARANTEED BY THE FIFTH, SIXTH [SIC] AND FOURTEENTH AMENDMENTS TO THE US CONSTITUTION AS WELL AS COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."

**{¶18}** II. "THE EVIDENCE WAS INSUFFICIENT TO CONVICT THE DEFENDANT FOR ACTUAL AND/OR CONSTRUCTIVE POSSESSION OF DRUGS BEYOND A REASONABLE DOUBT IN VIOLATION OF DUE PROCESS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE US CONSTITUTION AS WELL AS COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."

**{¶19}** III. "THE TRIAL COURT DEPRIVED CABINESS HIS RIGHT TO A FINDING OF GUILT BEYOND A REASONABLE DOUBT BY INVADING THE PROVIDENCE OF THE JURY WITH PREJUDICIAL JURY INSTRUCTIONS IN VIOLATION OF DUE PROCESS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE US CONSTITUTION AS WELL AS COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."

## ANALYSIS

{¶20} In his first assignment of error, Cabiness asserts that his trial counsel was ineffective for his failure to file a motion to suppress prior to the jury trial. He also asserts that there was no probable cause for police to stop the vehicle he was riding in and that there was no probable cause for the police to arrest him.

{¶21} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 156 (1988).

{¶22} The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

{¶23} *Strickland* gives courts a two-prong test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

{¶24} Under the first prong of *Strickland,* Cabiness must show that his trial counsel's performance was deficient. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 690.

{¶25} A decision not to file a motion to suppress may be considered trial strategy and a trial attorney is not "per se" ineffective for failing to file a motion to suppress. *See, e.g., State v. Altman,* 2007-Ohio-6761, ¶ 20 (5th Dist.).

{¶26} "Even when some evidence in the record supports a motion to suppress, counsel is presumed to be effective if the counsel could have reasonably concluded that the filing of a motion to suppress would have been a futile act." *Id.*, citing *State v. Chandler*, 2003-Ohio-6037 (subsequent cites omitted). In such a case, where probability of success is slim, appellant fails to establish prejudice. *State v. Nields,* 2001-Ohio-1291, ¶ 67. Essentially, counsel's failure to file a motion to suppress only constitutes ineffective assistance if, based on the record, the motion would have been granted. *State v. Robinson*, 108 Ohio App.3d 428, 433, (1996).

{¶27} Cabiness asserts that, "Because there was no evidence to establish probable cause to stop the Mercedes for a violation of law, Cabiness's Fourth Amendment rights were violated in stopping Richard's car." *Appellant pro se Brief*, p. 2. We disagree.

{¶28} In this case, the white Mercedes in which Cabiness was a passenger was stopped for multiple lane violations and failure to signal.

{¶29} R.C. 4511.33 sets forth the rules for driving in marked lanes as follows:

(A)     Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is

lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

(1)    A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

**{¶30}** In the case sub judice, evidence was presented that the vehicle Cabiness was riding in violated R.C. 4511.33 by crossing over the yellow line one full tire width. The *Bill of Particulars* stated that, "Detective Buehler observed a white Mercedes cross over the yellow line one full tire width."  Detective Christopher Hamacher testified at trial the Mercedes was stopped because, "Detectives observed multiple marked lane violations as well as an improper lane change with no signal." *Trial Transcript*, p. 147.

**{¶31}** This Court has reviewed the record and finds that Cabiness was not prejudiced by trial counsel's failure to file a motion to suppress. This court finds that the police had reasonable cause to believe that the driver of the Mercedes committed a traffic violation. Cabiness' first assignment of error is overruled.

**{¶32}** Cabiness argues in his second assignment of error that, "The evidence was insufficient to convict the defendant for actual and/or constructive possession of drugs beyond a reasonable doubt in violation of due process …." *Appellate Brief*, p. 5.

**{¶33}** This Court has held that, "Sufficiency of the evidence means the legal standard applied to determine whether the case may go to a jury, or whether the evidence is legally sufficient to support the verdict as a matter of law." *State v. Howard*, 2001-Ohio-1379, ¶ 11, citing *State v. Thompkins* , 78 Ohio St.3d 380, 386 (1997).

**{¶34}** Cabiness makes various statements in his brief as to "his" version of the facts. However, Cabiness fails to cite where in the record these events occurred.

**{¶35}** The State references the following facts in its' brief with citations to the record upon which the state relies. The State references the following events:

a) Cabiness was observed carrying a white clothes basket with a black object on top of it that he placed into the backseat of the white Mercedes. *Trial Transcript*, p. 84;

b) This black item was later identified as an Adidas bag. *Id*., pp. 88-89;

c) This black bag was found to contain a male's Fossil-brand watch, some Beat brand ear-pods, a key chain knife as well as a quantity of methamphetamine, cocaine, and some prescription pills. *Id.*, pp. 89, 95-96; and

d) Cabiness' cell phone contained drug related text messages, pictures of drugs and other evidence of drug activity. *Id*., pp. 115-117.

**{¶36}** This Court has reviewed the record and finds that the jury had legally sufficient evidence to support the verdict as a matter of law. Cabiness' second assignment of error is overruled.

**{¶37}** In his third assignment of error, Cabiness asserts that, "The trial court deprived Cabiness his right to a finding of guilt beyond a reasonable doubt by invading the providence of the jury with prejudicial jury instructions." *Appellate Brief*, p. 9.

**{¶38}** *State v. Brown*, 2009-Ohio-3933, ¶ 6 (12th Dist.) states, "A reviewing court may not reverse a conviction in a criminal case due to jury instructions unless it is clear that the jury instructions constituted prejudicial error." Citing *State v. McKibbon*, 2002–

Ohio–2041, ¶ 4 (1st Dist.), citing *State v. Adams*, 62 Ohio St.2d 151, 154 (1980) . In order to determine whether an erroneous jury instruction was prejudicial, a reviewing court must examine the jury instructions as a whole. *State v. Harry*, 2008–Ohio–6380, ¶ 36 (12th Dist.), citing *State v. Van Gundy,* 64 Ohio St.3d 230, 233–34 (1992).

**{¶39}** This Court has reviewed the jury instructions as a whole and finds no prejudicial error and Cabiness' third assignment of error is overruled.

## CONCLUSION

**{¶40}** Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of Cabiness' conviction or sentence. We find the appeal to be wholly frivolous under *Anders.* Attorney Chris Brigdon's motion to withdraw as counsel for Cabiness is hereby granted. Furthermore, the arguments set forth by Cabiness in his pro se brief are without merit. The Judgment Entry filed in the Licking County Court of Common Pleas on January 15, 2025, is hereby affirmed.

**{¶41}** Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.