[Cite as *State v. Jackson*, 2026-Ohio-1325.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAVANTE L. JACKSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 CO 0029**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2024 CR 652

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Christopher R.W. Weeda*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Colin P. Cochran*, Cochran Legal, LLC, for Defendant-Appellant.

Dated: April 10, 2026

**HANNI, J.**

{¶1} Defendant-Appellant, Davante L. Jackson, appeals from a Columbiana County Common Pleas Court judgment convicting him of trafficking in a fentanyl-related compound, possession of a fentanyl-related compound, trafficking in drugs, possession of drugs, and tampering with evidence. Appellant entered a no contest plea to these charges. He now contends his trial counsel was ineffective for withdrawing a motion to suppress and he did not enter his plea knowingly, voluntarily, and intelligently. Because trial counsel was not ineffective and Appellant entered his plea knowingly, voluntarily, and intelligently, the trial court's judgment is affirmed.

{¶2} Because Appellant entered a no contest plea in this matter, the facts of the case are scant. On February 2, 2024, Appellant was the driver of a vehicle subject to a traffic stop for not having a visible license plate. Appellant was also impaired and was placed in the police cruiser along with his passenger. While in the cruiser, Appellant withdrew a container of pills from his pocket and handed them to his passenger. The pills contained 14.58 grams of a fentanyl-related compound, which he attempted to conceal.

{¶3} On December 16, 2024, a Columbiana County Grand Jury indicted Appellant on one count of trafficking in a fentanyl-related compound, a second-degree felony in violation of R.C. 2925.03(A)(2) (Count 1); one count of possession of a fentanyl-related compound, a second-degree felony in violation of R.C. 2925.11(A) (Count 2); one count of trafficking in drugs, a fifth-degree felony in violation of R.C. 2925.03(A)(2) (Count 3); one count of possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A) (Count 4); and one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1) (Count 5). Appellant initially entered a not guilty plea.

{¶4} After a February 13, 2025 hearing, and again after an April 11, 2025 hearing, the trial court noted that Appellant had several other cases pending and he was attempting to reach a global resolution with Plaintiff-Appellee, the State of Ohio.

{¶5} On August 5, 2025, Appellant's counsel filed a motion to suppress alleging there was no probable cause for the traffic stop. But three days later, on August 8, 2025, counsel withdrew the motion to suppress because a plea agreement had been reached.

{¶6} On August 18, 2025, the trial court held a change of plea hearing for this case and another case pending against Appellant for having weapons under a disability

(2024 CR 178). A third case (2023 CR 227) was also pending against Appellant during this time. Appellant indicated he wished to enter a no contest plea to the indictment in this case. In exchange, the State agreed to recommend concurrent four-to-six year prison terms on Counts 1 and 2; concurrent 12-month prison terms on Counts 3 and 4, to be served concurrently to the sentences in Counts 1 and 2; and an 18-month prison term on Count 5, to be served consecutively to the other terms. In total, the State would recommend a sentence of 5½ (minimum) to 7½ (maximum) years.

{¶7} At the change of plea hearing, the court informed Appellant that his counsel had filed and then withdrawn a motion to suppress. Appellant indicated he was unaware of this. The court then allowed Appellant and his counsel to discuss the matter. After their discussion, the court again asked Appellant if he understood that his attorney had filed and then withdrawn a motion to suppress. Appellant indicated he understood. The trial court then went on to discuss the charges Appellant faced and the rights he was waiving by entering a no contest plea. The court accepted Appellant's plea, entered a finding of guilt, and set the matter for sentencing.

{¶8} The court held a sentencing hearing on September 16, 2025. It sentenced Appellant to an indefinite prison term with a stated minimum of four years minimum on Count 1, an indefinite prison term with a stated minimum of four years minimum on Count 2, a definite prison term of 12 months on Count 3, a definite prison term of 12 months on Count 4, and a definite prison term of 18 months on Count 5. The court ordered the sentences on Counts 1 and 2 to be served concurrently with each other and the sentences on Counts 3 and 4 to be served concurrently with each other. It ordered the sentence on Count 5 to be served consecutively to the sentences in Counts 1 and 2 and Counts 3 and 4. Additionally, the court ordered Appellant to serve the sentence in this case consecutively to the sentences imposed in Case No. 2024 CR 178 and Case No. 2023 CR 227. Appellant's total sentence in this case is a minimum of 5½ years to a maximum of 7½ years. And the court imposed a mandatory $7,500 fine on Count 1.

{¶9} Appellant filed a timely notice of appeal on October 1, 2025. He now raises two assignments of error for our review.

{¶10} Appellant's first assignment of error states:

APPELLANT'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN SUCH COUNSEL WITHDREW A MOTION TO SUPPRESS WITHOUT APPELLANT'S KNOWLEDGE.

{¶11} Appellant argues his trial counsel was ineffective because counsel filed a motion to suppress yet later withdrew that motion without Appellant's knowledge. The motion to suppress was for evidence obtained during the traffic stop. Appellant claims the motion would have been successful because there was no probable cause for the traffic stop. He says the trooper stopped him for having an inoperable license plate light and not having a license plate displayed that could be seen from the patrol car. Appellant claims he had a temporary tag in the left top area of his rear window. Thus, Appellant argues his counsel should have pursued the motion to suppress.

{¶12} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, the appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, the appellant must demonstrate that he was prejudiced by counsel's performance. *Id*. To show that he has been prejudiced by counsel's deficient performance, the appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley* at paragraph three of the syllabus.

{¶13} Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999). In Ohio, a licensed attorney is presumed competent. *Id*.

{¶14} In determining whether the failure to file a motion to suppress constitutes ineffective assistance of counsel, this Court has stated:

> More specifically, where a defendant complains trial counsel failed to file a suppression motion, the defendant must prove there was a valid ground to suppress the evidence in dispute. [*State v.*] *Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554 at ¶ 94, citing *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65. The defendant must also show there is a reasonable probability the result of the trial would

have been different if the evidence had been suppressed. *Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554 at ¶ 94. A claim of ineffective assistance of counsel in a direct appeal must be established by the evidence in the record. *See, e.g., State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001) (if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal); *State v. Ishmail*, 54 Ohio St.2d 402, 406, 377 N.E.2d 500 (1978) (the appellate court is limited to what transpired as reflected by the record on direct appeal). *See also State v. Gervin*, 3d Dist. No. 9-15-51, 2016-Ohio-5670, 2016 WL 4608483, ¶ 23 (if the record developed at trial is inadequate to support the unraised suppression argument, the ineffective assistance of counsel fails).

*State v. Carter*, 2017-Ohio-7501, ¶ 78 (7th Dist.).

**{¶15}** There are few actual facts in the record of this case. Appellant's statements regarding the motion to suppress and his statement that he would likely prevail are nothing but speculation based on facts that are not in the record.

**{¶16}** Additionally, the decision not to file a motion to suppress may be considered a matter of trial strategy and a trial attorney is not "per se" ineffective for failing to file a motion to suppress. *State v. Cabiness*, 2025-Ohio-3087, ¶ 25 (5th Dist.). The same can be said for deciding to withdraw a motion to suppress.

**{¶17}** Finally, Appellant had three pending criminal cases at the same time. Appellant's counsel and the State had been actively seeking a resolution to the cases by way of a plea agreement for several months. It is possible that dismissing the motion to suppress was part of the plea negotiations. Given the fact that Appellant was facing a maximum sentence of over 25 years in this case, it is difficult to find that his counsel was ineffective in negotiating a 5½ to 7½ year sentence.

**{¶18}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶19}** Appellant's second assignment of error states:

APPELLANT WAS PRECLUDED FROM KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERING A PLEA.

**{¶20}** Here, Appellant contends he did not make his plea knowingly and intelligently because he did not have a full understanding of the consequences of the withdrawn motion to suppress and his constitutional rights. He claims the trial court made no effort to ensure that he was aware of the effects and consequences of the withdrawn motion to suppress and, therefore, he did not knowingly and intelligently enter his plea.

**{¶21}** When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 2005-Ohio-552, ¶ 8 (3d Dist.), citing *Brady v. United States*, 397 U.S. 742 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 2004-Ohio-6806, ¶ 11 (7th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

**{¶22}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez* at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶23}** The trial court strictly complied with Crim.R. 11(C)(2) in this case by advising Appellant of each of the constitutional rights he was waiving by entering a no contest plea. The court informed Appellant he was giving up his right to a jury trial, his right to confront witnesses against him, the right to compel witnesses to testify on his behalf, his right against self-incrimination, and his right to require the State to prove his guilt beyond a reasonable doubt. (Sentencing Tr. 28-30). Appellant told the court that he understood that he was waiving each of these rights. (Sentencing Tr. 28-30).

**{¶24}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez* at ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

Case No. 25 CO 0029

**{¶25}** Here, the court explained the nature of each of the charges Appellant was facing. (Sentencing Tr. 16-19). It also explained the maximum sentences Appellant faced on each Count. (Sentencing Tr. 21-22). The court failed to inform Appellant that it could proceed immediately to judgment and sentence. However, Appellant does not take issue with this. Moreover, the trial court did not proceed immediately to sentencing. Instead, it scheduled Appellant's sentencing hearing for approximately a month later and indicated it would first review a presentence investigation. (Plea Tr. 37). Thus, the trial court substantially complied with Crim.R. 11(C)(2) by advising Appellant of his non-constitutional rights.

**{¶26}** Appellant's main contention here is that the trial court made no effort to ensure that he was aware of the consequences of the withdrawn motion to suppress.

**{¶27}** Regarding the motion to suppress, the following exchange took place:

THE COURT: Thank you.

Now, in the 652 case, Mr. Jackson, Attorney Dailey did file a motion to suppress on your behalf. And then filed a motion to - - or a notice of withdrawal of the motion to suppress.

Are you aware of that?

THE DEFENDANT: No.

(Attorney-client confer off record.)

THE COURT: I guess, the point of my question is - - Mr. Jackson - - is there was a motion to suppress filed on your behalf. And then a notice of withdrawing that motion.

The point of withdrawing the motion or upshot is I will not need to decide that motion, it's been withdrawn from my consideration, perhaps, based upon the agreement reached in this case. I don't know.

Do you understand that?

THE DEFENDANT: Yes.

(Plea Tr. 11).

Case No. 25 CO 0029

**{¶28}** Shortly thereafter, the court asked Appellant:

THE COURT:  Did she [defense counsel] answer any questions you might have had about the plea agreements?

If you had questions, Mr. Jackson, did Attorney Dailey answer them?

THE DEFENDANT:  Yes.

THE COURT:  All right.

Do you have any questions you wish to ask me about the plea agreements?

THE DEFENDANT:  No, Your Honor.

(Plea Tr. 12).

**{¶29}** The record demonstrates that the court took the time to ensure Appellant was entering his plea knowingly and intelligently.  When Appellant told the court he was unaware of the motion to suppress and its withdrawal, the court paused the proceedings so Appellant could confer with his counsel.  The court then asked Appellant if his counsel had answered all of his questions.  And the court provided Appellant with the opportunity to ask it questions.  Nothing on the record indicates that Appellant's plea was anything less than knowingly, intelligently, and voluntarily entered.

**{¶30}** Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶31}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 25 CO 0029

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**